IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,          )
                                   )
v.                                 )        CASE NO. CR416-311
                                   )
ELLIOTT MERVIN,                    )
                                   )
        Defendant.                 )
                                   )

## O R D E R

Before the Court is Defendant Elliott Mervin's Nunc Pro Tunc Motion (Doc. 38), which the Government has opposed (Doc. 39). In his motion, Defendant asks the Court to grant him credit against his federal sentence for time served on a state sentence. (Doc. 38 at 1-2.) After careful consideration, Defendant's motion (Doc. 38) is **DISMISSED IN PART** and **DENIED IN PART**.

### BACKGROUND

In January 2017, Defendant pleaded guilty to possession with intent to distribute marihuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 24.) Defendant was sentenced to 85 months' imprisonment. (Doc. 32 at 2.) The Court's Judgment did not indicate whether Defendant's sentence should run concurrent or consecutive to any yet-to-be imposed state sentence. According to the Federal

Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at United States Penitentiary ("USP") Coleman I located in Sumterville, Florida, with a projected release date of March 5, 2027. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on June 7, 2022).

## ANALYSIS

In his motion, Defendant asks the Court to give him credit towards his federal sentence for five years that he served on a subsequently imposed state sentence. (Doc. 38 at 1-2.) Defendant also provided the Court with a copy of his state judgment which states that Defendant's state sentence should be served concurrently with any sentence Defendant was currently serving, "federal or state." (Id. at 3.) In response, the Government contends that because Defendant's federal judgment is silent as to any yet-to-be imposed state sentence, the federal sentence is presumed to run consecutively to the state sentence. (Doc. 39 at 2-3.) The Government also argues that the Court lacks authority to modify Defendant's sentence or to grant any related request for time-served credit. (Id. at 3-7.) For the following reasons, the Court finds that Defendant's motion is due to be dismissed in part and denied in part.

I.   <u>CHALLENGE TO BOP'S EXECUTION OF FEDERAL SENTENCE</u>

First, the Government is correct that when a court's judgment is silent as to whether a federal sentence should run consecutively or concurrently with any future state sentence, "the presumption is that the sentences will run consecutively." <u>Adams v. Warden-FCI Tallahassee</u>, No. 4:19cv44-WS-HTC, 2019 WL 4040600, at *3 (N.D. Fla. July 22, 2019) (first citing 18 U.S.C. § 3584(a); and then citing <u>United States v. Tubby</u>, 546 F. App'x 869, 872 (11th Cir. 2013) (per curiam)). Furthermore, the state court that sentenced defendant did not possess the authority to mandate that the BOP run Defendant's federal sentence concurrently with his state sentence. <u>See</u> <u>Davis v. Coleman-Medium</u>, 666 F. App'x 802, 803 (11th Cir. 2016) (per curiam) ("The manner in which a state chooses to impose and execute its sentences does not affect the sovereign right of the United States to impose and execute its sentences in the manner deemed appropriate by the federal courts and federal authorities." (citing <u>Finch v. Vaughn</u>, 67 F.3d 909, 915 (11th Cir. 1995))). Accordingly, there is nothing in the record that suggests Defendant's sentence is being executed incorrectly.[1]

---

[1] The BOP certainly had the authority to designate nunc pro tunc that Defendant's federal sentence would run concurrent to his state sentence, but it was not required to do so. <u>See</u> <u>Davis</u>, 666 F. App'x at 803.

Even if Defendant should have received credit towards his federal sentence for time spent in state custody, it is clear that "the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (per curiam) (citation omitted). Therefore, to the extent that Defendant takes issue with the BOP's calculation of his sentence, the Court is without jurisdiction to hear his challenge. "Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review." United States v. Martin, 362 F. App'x 69, 70 (11th Cir. 2010) (citing United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)). In this case, there is no evidence that Defendant has exhausted his administrative remedies within the BOP. See Roberson, 746 F. App'x at 885 (declining to review claim for sentencing credits where prisoner's filings did "not show that he ha[d] exhausted his administrative remedies by requesting a credit from the BOP").

Further, once a defendant has fully exhausted his administrative remedies with the BOP, the appropriate way to challenge the BOP's decision is by filing a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. See United States v. Lassiter, 812 F. App'x 896,

4

900 (11th Cir. 2020) ("Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another district."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Here, Defendant is currently incarcerated at USP Coleman I in Sumterville, Florida. Accordingly, if Defendant wishes to challenge the BOP's calculation of his sentence, Defendant must file a § 2241 petition for sentencing credit in the United States District Court for the Middle District of Florida, Ocala Division. As a result, Defendant's motion is **DISMISSED IN PART** to the extent Defendant is challenging the BOP's calculation of his sentence.

II.  REQUEST FOR FEDERAL JUDGMENT TO BE MODIFIED

Finally, to the extent Defendant is requesting that the Court modify its judgment to reflect that his federal sentence run concurrent to his state sentence, this request must be denied. A "federal 'court may not modify a term of imprisonment once it has been imposed except' in the three circumstances defined by Congress in 18 U.S.C. § 3582(c)." United States v. Razz, 387 F. Supp. 3d 1397, 1405 (S.D. Fla. 2019) (quoting United States v. Maiello, 805 F.3d 992, 997 (11th Cir. 2015)); see also United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an

imprisonment sentence is narrowly limited by statute."). Because Defendant has not demonstrated that he is entitled to a sentence modification, Defendant's motion (Doc. 38) is **DENIED IN PART.**

SO ORDERED this _9th_ day of June 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA